Filed 10/11/23  Akiyoshi v. Andrade CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LAURENCE AKIYOSHI, et al.,<br>    Plaintiffs and Appellants,<br>v.<br>HECTOR ANDRADE, et al.,<br>    Defendants and Respondents. | A164244<br><br>(Sonoma County Super. Ct. No. SCV-268120) |

Plaintiffs Laurence Akiyoshi and Christine Akiyoshi (collectively, the Akiyoshis) appeal the trial court's order granting monetary sanctions against them in favor of defendants and respondents Louis Andrade, Yolanda Andrade DeMaria, and Jaime Andrade (collectively, the Andrade Defendants).  The court awarded $9,200 in sanctions against the Akiyoshis as part of its order denying their motion to compel further discovery responses from the Andrade Defendants.  The Akiyoshis contend, among other things, that the trial court abused its discretion in denying their motion and imposing monetary sanctions.  We disagree and affirm.

# I. <u>BACKGROUND</u>

The Akiyoshis sued the Andrade Defendants and defendant Hector Andrade[1] (collectively, defendants) for breach of contract and fraud after they allegedly failed to repay the Akiyoshis for a loan. On July 17, 2021, the Akiyoshis propounded written discovery requests to all defendants. Defendants served their responses and objections. On August 22, 2021, the Akiyoshis sent a meet and confer letter to the Andrade Defendants regarding the purported deficiencies in their responses. The letter did not specify a date by which the Andrade Defendants were to amend their responses to avoid a motion to compel. On August 23, 2021, counsel for the Andrade Defendants responded that they would provide amended responses within 10 days and that a motion to compel was unnecessary.

On August 31, 2021, the Akiyoshis filed a motion to compel discovery responses and request for monetary sanctions against all defendants. The Akiyoshis argued that the Andrade Defendants made frivolous objections and failed to produce any responsive documents. On September 3, 2021, the Andrade Defendants, as promised in their August 23 response, served amended discovery responses. On September 16, 2021, the Akiyoshis' counsel sent a second meet and confer letter which stated that the motion to compel would remain on calendar unless the Andrade Defendants withdrew all their objections to the discovery requests. Counsel for the Andrade Defendants refused to do so as he believed the objections were valid and timely.

---

[1] Hector Andrade is not a party to this appeal as the trial court did not award any sanctions in his favor. The background section therefore focuses on the facts relevant to the Akiyoshis' discovery dispute with the Andrade Defendants. We will also refer to Hector Andrade by his first name to avoid confusion and intend no disrespect by it.

The parties were thereafter assigned to work with a discovery facilitator. On October 15, 2021, the facilitator emailed the parties' counsel that he had reviewed all the documents and concluded that the amended discovery responses were adequate and that the motion "should be dismissed as moot or denied outright." The facilitator commented that much of the Akiyoshis' meet and confer was "devoted to extreme *ad hominem* attacks on Defendants' counsel." The facilitator proposed that the parties agree to take the motion off calendar and noted that he would recommend the imposition of sanctions against the Akiyoshis if the motion proceeded to a hearing. Counsel for the Andrade Defendants agreed to this proposal but the Akiyoshis' counsel responded that he wanted "complete responses without objections within 10 days . . . ." As a result, the motion remained on calendar.

On November 1, 2021, the Akiyoshis filed a supplemental motion to compel and argued that the trial court should overrule the objections in the amended discovery responses and order that the Andrade Defendants provide objection-free responses. The Andrade Defendants opposed the motion, arguing that their objections were substantially justified and that, notwithstanding the objections, they provided full and complete responses. The Andrade Defendants requested $12,320 in monetary sanctions against the Akiyoshis and their counsel for the time counsel for the Andrade Defendants spent meeting and conferring and opposing the motion.

In his November 23, 2021 report to the trial court, the discovery facilitator concluded that the Andrade Defendants provided substantive responses to the Akiyoshis' discovery requests. The facilitator recommended that the Akiyoshis' motion be denied or dismissed as moot and that sanctions be awarded against the Akiyoshis' counsel "for his failure to meet and confer

3

in good faith before filing the motion and during the pendency of the motion."
Following a hearing, the trial court denied the motion as it found "the
rationale of the Discover[y] facilitator sound and independently reache[d] the
same conclusion." The court further noted that the Akiyoshis' separate
statement failed to comply with California Rules of Court, rule 3.1345
because it improperly required the court to refer to other documents. The
court awarded $9,200 in monetary sanctions to the Andrade Defendants.[2]

The Akiyoshis filed their notice of appeal prematurely before the trial
court entered its order on the motion to compel.[3] The Andrade Defendants
note this in their brief but do not contend the appeal should be denied on this
basis. This court, in its discretion, will treat the notice of appeal as having
been filed immediately after entry of the order pursuant to California Rules
of Court, rule 8.104(d)(2), and therefore timely.

## II. **DISCUSSION**

### A. Standard of Review

"We review discovery orders for an abuse of discretion." (*Liberty
Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093,
1102.) The trial court has broad discretion in ordering sanctions and such
orders are " 'subject to reversal only for arbitrary, capricious or whimsical
action.' " (*Ibid.*)

The Akiyoshis argue that the standard of review should be de novo
because the trial court "was construing statutes about the use of a 'concise
outline' for a Motion to Compel" in lieu of a separate statement. They allege

---

[2] In this same order, the trial court also denied the Akiyoshis' motion to compel as to Hector but did not award him any sanctions.

[3] The record only contained the ruling on the motion to compel which is not an appealable order. We augmented the record on our own motion to include the order itself.

4

that the court made comments at the hearing regarding its decision to deny the motion to compel based on their use of a " 'concise outline' " and that the court essentially "invit[ed] an appeal to have the Court of Appeal provide guidance" on this issue. The Akiyoshis, however, provide no record citation to support this claim and concede there was no transcript for the hearing. We therefore deem this claim forfeited.[4] (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 163.)

B. <u>The Trial Court Did Not Abuse its Discretion.</u>

The Akiyoshis contend that if the standard of review is abuse of discretion, the trial court abused its discretion by denying all the relief they requested, by "refusing to consider the 'concise outline' . . . that both sides had used and had believed as appropriate, by not allowing further briefing or a modified Separate Statement," and by imposing $9,200 in monetary sanctions against them. We are unpersuaded. As a threshold matter, the Akiyoshis' failure to support their arguments with any record cites or legal authority is fatal. It is well-settled that "an appealed judgment is presumed correct, and [that] appellant bears the burden of overcoming" that presumption. (*Boyle v. CertainTeedCorp.* (2006) 137 Cal.App.4th 645, 649–650.) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779,

---

[4] Even if we were to reach the issue, the Akiyoshis' argument has no merit as California Rules of Court, rule 3.1345 requires that a motion to compel discovery be accompanied by a separate statement. The trial court *may*, but is not required to, "allow the moving party to submit a concise outline of the discovery request and each response in dispute." (Code Civ. Proc., § 2030.300, subd. (b)(2).)

5

784–785.) We therefore deem the Akiyoshis' arguments waived. But even if we did not, none of their contentions show any abuse of discretion by the trial court.

For example, the Akiyoshis contend the Andrade Defendants "should have been ordered to provide discovery responses without objections, as the [d]iscovery [f]acilitator had suggested should be the outcome." This contention is not only unsupported by the record, it is false. Indeed, the discovery facilitator expressly informed counsel that he believed that the amended responses were adequate despite the "subject to" objections. With respect to Hector's untimely objections to the Akiyoshis' discovery requests, the facilitator did separately propose that the parties stipulate to an order deeming these objections waived. But this proposal as to Hector, who is not a party to this appeal, has no bearing on this appeal.

The trial court also did not abuse its discretion in awarding $9,200 in monetary sanctions after the Akiyoshis refused to take their motion to compel off calendar as proposed by the discovery facilitator despite having received substantive amended responses from the Andrade Defendants. Under Code of Civil Procedure section 2030.300, subdivision (d), the trial court "shall impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes . . . a motion to compel a further response to [discovery], unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." The Akiyoshis argue that it was unreasonable for the court to award monetary sanctions "to a responding party who is asserting wholesale boilerplate objections." The Akiyoshis, however, cite no supporting legal authority and provide no analysis as to why the Andrade Defendants' objections lacked merit. The Akiyoshis have therefore failed to meet their

6

burden as appellants to show any error below. Accordingly, we find that the trial court acted within its discretion in denying the motion and awarding sanctions.

The Akiyoshis make other unsupported contentions, including that the trial court "never did any analysis of the Objections," and that the court should have required further briefing on the adequacy of the objections. Again, these assertions are wholly unsupported by the record. The Akiyoshis, in fact, did file a supplemental brief that discussed the objections contained in the amended discovery responses. And there is no evidence that the trial court failed to analyze any issues raised in the Akiyoshis' motion. To the contrary, the court specifically stated that it found the facilitator's reasoning to be sound and "independently reache[d] the same conclusion." Moreover, the Akiyoshis provide no legal authority, and we are aware of none, which obligates the trial court to order or permit further briefing in this instance.

Lastly, the Akiyoshis argue that the trial court's ruling was "filled with ad hominem attacks" against their counsel which indicated that the court's ruling was not based on an evaluation of the facts and the law. This argument is unsupported by the record and is belied by the trial court's written ruling—which states that although the Akiyoshis' "meet and confer correspondence can be interpreted by a reasonable person as unjustified vilification," its decision to deny their motion was "rendered on the merits of [the] case, and nothing else." Having no reason to doubt this statement, we find that the court did not abuse its discretion in awarding $9,200 in monetary sanctions against the Akiyoshis.

C. <u>Motion for Sanctions.</u>

The Andrade Defendants move for sanctions against the Akiyoshis and their counsel for pursuing a frivolous appeal. We may impose sanctions on a

party or an attorney for making a frivolous appeal or appealing solely to cause delay.  (Cal. Rules of Court, rule 8.276(a)(1).)  An appeal is frivolous "only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit."  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

We decline to impose sanctions against the Akiyoshis here.  While we agree that the Akiyoshis' brief is deficient in its lack of record citation and legal authority, it is still the Andrade Defendants' burden as the moving party to show that the Akiyoshis' appeal is frivolous or intended solely to cause delay.  The Andrade Defendants do not provide a sufficient summary of the underlying discovery dispute in their brief to enable us to determine whether sanctions are warranted here.  Although we affirm the trial court's order, the Andrade Defendants fail to show that this appeal was prosecuted for an improper motive or that it indisputably has no merit.  Their request for sanctions is therefore denied.

## III.  DISPOSITION

The judgment is affirmed.  The Andrade Defendants are entitled to recover their costs on appeal.

_____

CHOU, J.

We concur.

_____

JACKSON, P.J.

_____

BURNS, J.

*Akiyoshi v. Andrade* / A164244

9